```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                       NORTHEASTERN DIVISION



JIMMY DALE ADKINS                ]
     Plaintiff,                   ]
                                  ]
v.                                ]    No. 2:16-0090
                                  ]    Chief Judge Sharp
INMAN STORIES INSURANCE, et al.   ]
     Defendants.                  ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Putnam County Justice Center in Cookeville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Inman Stories Insurance and Permanent General Insurance of Ohio, seeking injunctive relief and damages.

The defendants sold the plaintiff auto insurance for his 2005 Ford Explorer. The plaintiff subsequently "totaled" the vehicle. He now claims that the defendants violated the law by selling him auto insurance when he did not possess a valid driver's license. The plaintiff also complains that the defendants have refused to honor the policy and pay him for damages to the vehicle and personal injuries.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of

1

state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The defendants were not persons acting under color of state law when they sold the plaintiff auto insurance. They were, instead, private entities conducting a business transaction. Thus, plaintiff's claim that the defendants are liable to him under his automobile insurance policy is not actionable under § 1983.

When a prisoner plaintiff proceeding in forma pauperis has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge